# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD GLENN LOCKHART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-3151-CV-S-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's (the "Commissioner") decision denying Plaintiff Harold Lockhart's applications for Social Security benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had multiple severe impairments, but he retained the residual functional capacity ("RFC") to perform work as a photo copy machine operator, cafeteria attendant, and cutter.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his applications on March 5, 2010, alleging a disability onset date of February 15, 2004. The Commissioner denied his applications, and the Plaintiff subsequently

requested an administrative hearing. After conducting a hearing, the ALJ denied relief on March 12, 2012. Plaintiff appealed, but the Appeals Council denied review, leaving the ALJ's opinion as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Standard of Review**

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

**Analysis**

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1] Plaintiff posits that the ALJ

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or

2

committed three separate Step Four errors including: (1) improperly weighing the opinion evidence, (2) failing to properly develop the record, and (3) impermissibly relying on the opinion of an agency-employed non-medical consultant in formulating Plaintiff's RFC. Each argument lacks merit.

### A. The ALJ did not err in weighing the opinion evidence.

Plaintiff first challenges the ALJ's weighing of the opinion evidence. In particular, Plaintiff contends the ALJ erred in discounting the opinion of her treating neurologist, Dr. Tim Frederick, M.D. ("Dr. Frederick"), and examining psychologist Dr. Frances Anderson, Psy.D. ("Dr. Anderson"). Plaintiff also asserts that the ALJ erred in relying upon the opinion of consulting psychologist Dr. Geoffrey Sutton, Ph.D. ("Dr. Sutton"). The Court addresses each contention separately.

#### 1. The ALJ properly discounted the opinion of Dr. Frederick.

Dr. Frederick treated Plaintiff for neurological impairments—including seizures—which arose from a traumatic brain injury he sustained during childhood. On May 17, 2010, Dr. Frederick rendered an opinion to assist in Plaintiff's claims for disability. The one-quarter page opinion stated, "I consider [Plaintiff] unable to work outside of a sheltered workshop. I think he does deserve a disability status. If I can be of further assistance to you please contact me." R. at 280. Plaintiff contends that this opinion was entitled to either controlling or substantial weight. The Court disagrees.

---

medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Where, as here, a claimant presents a treating physician's opinion it is typically entitled to controlling weight if it is well supported by, and not inconsistent with, other substantial evidence in the record. *Myers v. Colvin*, 721 F.3d 521, 524 (8th Cir. 2013) (citing 20 C.F.R § 404.1527(c)(2)). It is well-settled, however, that a treating physician's opinion on the ultimate issue of disability is not entitled to any deference. *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). An ALJ may also discount a treating physician's opinion if is unsupported by the physician's own treatment notes, *Davidson v. Astrue*, 578 F.3d 838, 843 (8th Cir. 2009), or if it is conclusory. *See Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).

Here, the ALJ properly discounted Dr. Frederick's opinion. As the ALJ noted, Dr. Frederick's two-sentence opinion is nothing more than his unsupported conclusion that Plaintiff is disabled, a determination solely within the purview of the Commissioner. *See House*, 500 F.3d at 745. For this reason alone, the ALJ was entitled to discount Dr. Frederick's opinion.

Nonetheless, Dr. Frederick's opinion is also infirm because it is conclusory. His opinion never explains what impairments Plaintiff suffers from, how the impairments lead to functional limitations, or how these functional limitations impact Plaintiff's ability to work. For instance, Dr. Frederick never discusses whether it is Plaintiff's physical or mental impairments that render him disabled. Dr. Frederick also fails to cite to any treatment notes underlying his sweeping conclusion. In fact, his treatment notes are arguably inconsistent with his ultimate conclusion. Dr. Frederick noted that Plaintiff's seizures responded well to medication, he functioned well socially, and he graduated from high school. R. at 228-30, 272, 280, 283. Although Dr. Frederick observed—consistent with the opinion of Dr. Anderson and other record evidence—that Plaintiff suffered from "slowed mentation," this single notation, without more, is too weak to support his weighty conclusion that Plaintiff is disabled. Given the conclusory and

unsupported nature of Dr. Frederick's opinion, it was not entitled to controlling or substantial weight.

**2. The ALJ properly discounted the opinion of Dr. Anderson.**

After evaluating Plaintiff, Dr. Anderson submitted an opinion concerning his mental impairments. Similar to Dr. Frederick, Dr. Anderson did not complete a form suggesting how Plaintiff's mental impairments resulted in functional limitations. Rather, Dr. Anderson diagnosed Plaintiff with borderline intellectual functioning and assigned a Global Assessment Functioning Score ("GAF Score") of 50.

The ALJ's well-reasoned decision extensively discussed Dr. Anderson's findings and diagnosis. R. at 17. The ALJ, however, ultimately gave little weight to the GAF Score, because he found it "inconsistent with medical evidence as a whole." R. at 18. Plaintiff contends the ALJ should have accorded the diagnosis and low GAF Score more weight.

The ALJ did not err in giving Dr. Anderson's opinion little weight. While not as conclusory as Dr. Frederick's, Dr. Anderson's opinion still failed to discuss how her evaluation findings led to the assigned GAF Score. R. at 272-74. In fact, Dr. Anderson's opinion is nothing more than a bare GAF Score; it fails to discuss how Plaintiff's mental impairments result in functional limitations. Moreover, this bare GAF Score is not indicative of disabling mental impairments where, as here, there is other record evidence undermining its probative value. *Wright v. Astrue*, 489 F. App'x 147, 149 (8th Cir. 2012). The assigned GAF Score of 50 suggests a severe impairment in "social, occupational, or school functioning," *Pate-Fires v. Astrue*, 564 F.3d 935, 938 n.2 (8th Cir. 2009), but the record evidence suggests that Plaintiff only exhibited slight to moderate difficulty in social or occupational functioning. For example, both Dr. Frederick and Dr. Anderson documented Plaintiff's ability to function socially. R. at 272-73, 283. Moreover, his record of steady employment from 2004 until 2009 suggests that Plaintiff

encountered little difficulties in the work environment. R. at 113. Indeed, Plaintiff left his last job because of transportation difficulties, not as a result of his alleged mental impairments. R. at 31-32, 280. The only evidence suggesting serious mental impairments was Plaintiff's placement in special education classes during high school. R. at 272. While this evidence demonstrates that Plaintiff's impairments impeded his ability to perform in school, it does not necessarily suggest he is currently unable to perform work. Quite to the contrary, as mentioned above, Plaintiff's history of steady employment suggests that despite his mental impairments, he still maintained the ability to perform simple work. R. at 113. Accordingly, the ALJ did not err in discounting Dr. Anderson's opinion.

### 3. The ALJ properly relied upon the opinion of Dr. Sutton.

Notwithstanding the ALJ's discounting of Drs. Frederick's and Anderson's opinions, Plaintiff contends that the ALJ also erred in giving any weight to the opinion of Dr. Sutton. On July 7, 2010, Dr. Sutton completed a mental residual functional capacity assessment in which he opined: "[Plaintiff] retains the ability to understand and remember simple instructions; can sustain concentration, persistence, and pace for simple tasks; and can adapt to changes in a simple work environment." R. at 399. Dr. Sutton's opinion was based solely upon reviewing the record evidence, including the opinions of Drs. Anderson and Frederick.

The ALJ did not err in relying upon Dr. Sutton's opinion. Although Dr. Sutton is a one-time consulting physician, the ALJ was entitled to credit his opinion over that of Dr. Frederick because Dr. Sutton's opinion enjoyed more support in the record. *See Wildman*, 596 F.3d at 964. In particular, Dr. Sutton's opinion coincides with the medical source treatment notes which documented that Plaintiff was alert, pleasant, and cooperative. R. at 223-24, 228-29, 237, 248, 259, 262, 268. Dr. Sutton's opinion is further corroborated by Plaintiff's steady work history. R. at 113. And although the record evidence demonstrates that Plaintiff suffered from "slowed

6

mentation," *e.g.*, R. at 229, Dr. Sutton accounted for these difficulties by precluding Plaintiff to simple work involving simple tasks and instructions. R. at 399. Finally, while Dr. Sutton's opinion arguably conflicted with the opinions of Drs. Frederick and Anderson, it is the ALJ's duty to resolve such conflicts. *Finch v. Astrue*, 547 F.3d 933, 936 (8th Cir. 2008). Since substantial evidence supports the ALJ's resolution, the Court will not displace it.

**B. The ALJ did not improperly fail to develop the record.**

Plaintiff next contends that the ALJ failed to fully and fairly develop the record. In particular, Plaintiff asserts that the ALJ should have re-contacted Drs. Frederick and Anderson, and requested that they complete a more thorough opinion regarding Plaintiff's mental and physical limitations. The Court disagrees.

The ALJ must fully and fairly develop the record. *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005). This duty requires the ALJ to re-contact physicians or other medical professionals "if a crucial issue is undeveloped." *Id.* Such is not the case here. Plaintiff does not point to any "crucial issue" that was undeveloped or required further clarification. On the contrary, the record contained enough information for the ALJ to determine whether Plaintiff was disabled. *See Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work."). To assist in making this determination, the ALJ had medical records from treating sources, several medical opinions, third-party statements, and Plaintiff's testimony. R. at 25-487. From this evidence, the ALJ could reasonably conclude that Plaintiff's impairments did not preclude him from all work. Thus, the ALJ did not err in failing to re-contact Drs. Frederick and Anderson.

### C. The ALJ did not err in treating the opinion from a non-medical consultant as if it came from a medical consultant.

Finally, Plaintiff contends that the ALJ erred in formulating his RFC by improperly relying on an opinion from an agency-employed non-medical consultant. This argument lacks merit.

Although the ALJ misidentified the opinion of Becky McClure ("Ms. McClure"), an agency-employed non-medical consultant, as the opinion of a medical professional, remand is unwarranted here. Reliance on an opinion from a non-medical consultant is only reversible error when it is clear that (1) the ALJ essentially adopted the limitations set forth in the opinion, and (2) no other evidence supports those limitations. *See Robertson v. Astrue*, No. 10-247-CV-W-DGK-SSA, 2012 WL 11120, at *2 (W.D. Mo. Jan. 3, 2012). Here, a comparison of Ms. McClure's opinion with Plaintiff's RFC reveals that the ALJ did not adopt the limitations set forth in Ms. McClure's assessment. *Compare* R. at 353 (Ms. McClure's opinion that Plaintiff failed to established any limitations in lifting, carrying, standing, walking, and sitting), *with* R. at 15 (RFC noting limitations in all of these functional areas). To the extent that there is any overlap between the two, it arises from the fact that substantial record evidence—including Plaintiff's hearing testimony and medical records—supports those limitations. R. at 25-52, 223-352, 403-63. Accordingly, the ALJ committed no error.

### Conclusion

Since substantial evidence on the record as a whole supports the ALJ's decision, the Commissioner's denial of benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: July 16, 2014              /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT